IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

JASON WHITT,

    Petitioner,

v.                                                              **CRIMINAL ACTION NO. 4:16cr52**

UNITED STATES OF AMERICA,

    Respondent.

## *MEMORANDUM OPINION & ORDER*

This matter is before the Court on Jason Whitt's ("Petitioner") Motion To Receive Court Records and To Address 2-Level Gun Enhancement. Petitioner seeks to attack his sentence on the grounds that the two level enhancement for a gun is error and that this enhancement in his sentence should be vacated. Because Petitioner seeks to collaterally attack his conviction, the Court intends to construe Petitioner's motion under 28 U.S.C. § 2255 (Supp. IV 1998), as a Motion to Vacate, Set Aside and/or Correct Sentence. Accordingly, Petitioner is **ADVISED** of the following procedural matters and **ORDERED** to respond forthwith.

Although Petitioner labels his petition as one brought under Section 2255, which this Court would be authorized to consider, judicial review of the type of claim he raises in the motion may only be sought under 28 U.S.C. § 2255. Section 2255 provides that:

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

1

28 U.S.C. § 2255. Based upon this language, courts have held that section 2255 is a federal prisoner's exclusive remedy for collaterally attacking the *imposition* of his sentence, unless the remedy is "inadequate or ineffective." *Swain v. Pressley*, 430 U.S. 372, 377-78 (1977); *Baker v. Sheriff of Santa Fe County*, 477 F.2d 118, 119 (10th Cir. 1973); *Whiting v. Hunter*, 204 F.2d 471, 472 (10th Cir. 1953). That relief is unavailable under § 2255, however, does not necessarily render it "inadequate or ineffective." *In re Jones*, 226 F.3d 333 (4th Cir. 2000).

Because Petitioner seeks to attack his sentence on the grounds that the two point enhancement for a gun was applied, the Court intends to construe Petitioner's motion under 28 U.S.C. § 2255 (Supp. IV 1998). In accordance with *United States of America v. Emmanuel*, 288 F.3d 644 (4th Cir. 2002), the Court ADVISES Petitioner of certain legal consequences resulting from the Court's construing Petitioner's motion as § 2255 habeas petition.

In 1996, Congress amended the law governing § 2255 motions as a part of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *See* 28 U.S.C. § 2255 (Supp. IV 1998). The AEDPA contains a one-year limitations period and a prohibition against second or successive habeas petitions. Outlined below is the applicable law for these restrictions.

**A. Statute of Limitations**

The AEDPA provides for a one-year limitations period within which a petitioner may file a § 2255 habeas petition. Section 2255 provides in relevant part that:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of --
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

2

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court *and made retroactively applicable to cases on collateral review*; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255 (emphasis added). To determine whether Petitioner has timely filed his motion, the Court must measure one year from the most recent date provided by § 2255 subsections (1) through (4). Alternatively, a prisoner moving to vacate his sentence after April 24, 1996, the effective date of § 2255's amendment by AEDPA, but attacking his conviction which became final before that date, must be accorded reasonable time within which to file their § 2255 motion. In *Brown v. Angelone*, 150 F.3d 370, 375-76 (4th Cir. 1998), the Fourth Circuit determined that the reasonable time to be accorded a petitioner to file a § 2255 motion is one year from the effective date of April 24, 1996, or April 24, 1997.

Petitioner is ADVISED to consider this law in light of the specific dates and circumstances of his own conviction and appeal, and to inform the Court in his response as to the proper date from which the statute of limitations should run. If the date of Petitioner's instant motion is beyond the one-year limitations period, the petition will be subject to dismissal on that ground.

**B. Second or Successive Habeas Petition**

Section 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A) (1994 & Supp. IV 1998). Petitioner is ADVISED that for purposes of this limitation, if the Court were to construe Petitioner's motion as a habeas petition, Petitioner would be precluded from filing a second or successive habeas petition under the AEDPA without

3

certification from the United States Court of Appeals for the Fourth Circuit. Thus, if this is Petitioner's first motion seeking to collaterally attack the imposition of his sentence, the Court will dismiss any future submissions by Petitioner on similar grounds without such certification as "second or successive" under the AEDPA. Petitioner is further ADVISED that he is permitted to (1) notify the Court of his acquiescence to construe the submission as a habeas petition and to consider as such; (2) amend his submission to include all viable issues properly brought as a collateral attack;[1] or (3) withdraw his petition to re-file an initial § 2255 habeas petition within the one-year statute of limitations.

If the effect of the Court's construing Petitioner's instant action as a § 2255 habeas petition would render the action as a "second or successive" habeas petition, Petitioner is ADVISED that he must obtain certification from the United States Court of Appeals for the Fourth Circuit to file a second or successive habeas petition. Without such certification, if construed as a § 2255 habeas petition, Petitioner's motion will be subject to dismissal on these grounds.[2]

## CONCLUSION

Petitioner is **ORDERED** to file a response within **30 days** of the date of this Order to the Court's intention to construe Petitioner's Motion as a motion under 28 U.S.C. § 2255 (Supp. IV 1998), a Motion to Vacate, Set Aside and/or Correct Sentence. Petitioner is ADMONISHED that

---

[1] Petitioner's amended submission will be considered filed as of the date the original submission was filed for purposes of the one-year statute of limitations. Pursuant to *United States v. Pittman*, 209 F.3d 314 (4th Cir. 2000), however, any amendments made beyond the expiration of the one-year limitations period do not relate back to the original motion and are considered untimely.

[2] A habeas petition is not successive if the prior motion was dismissed for technical or procedural reasons. *Slack v. McDaniel*, 529 U.S. 473, 484-86 (2000).

4

failure to respond to the Court's Order will result in default and the Court will proceed to construe Petitioner's motion as a § 2255 habeas petition and rule accordingly.

The Court **DIRECTS** the Clerk to send a copy of this Order to Petitioner and to the United States Attorney, Eastern District of Virginia, World Trade Center, Suite 8000, 101 West Main Street, Norfolk, VA 23510.

IT IS SO **ORDERED.**

Norfolk, Virginia
April 6, 2017

/s/
Raymond A. Jackson
United States District Judge